IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

THE NEW LONDON TOBACCO )
MARKET, INC., )
                                                              )
            Plaintiff, )
                                                              )
v. )     No. 3:13-CV-122
                                                                )
BURLEY STABILIZATION )
CORPORATION, )
                                                                )
            Defendant. )

## **MEMORANDUM OPINION**

This civil action was removed from the Chancery Court of Jefferson County, Tennessee on March 4, 2013, on the basis of diversity jurisdiction. Now before the court is defendant's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff has responded in opposition to the motion, and defendant has submitted a reply. For the reasons that follow, defendant's motion will be granted, and this case will be dismissed.

I.

*Background*[1]

Plaintiff is engaged in the business of lending to farmers. From 2009 through 2011, plaintiff loaned money to the following related persons and entities: Grace M. Manley;

---

[1] The court's factual recitation is taken from plaintiff's complaint, the contents of which must be accepted as true at this stage of the proceedings.

James Todd Manley; Stephen K. Manley; Manley Farms; and Manley's Farm (collectively, "the Manleys"). The loans were evidenced by promissory notes and security agreements granting plaintiff a security interest in the Manleys' crops. Plaintiff in turn gave defendant notice of those security interests.

Defendant purchased crops from the Manleys in 2009, 2010, and 2011 which were encumbered by security interests in favor of plaintiff. Despite its awareness of the liens, defendant did not pay plaintiff the value of its security interests. The Manleys have not repaid their loans and are now insolvent.

On December 20, 2012, plaintiff filed its "Complaint for Conversion and Voiding of Security Interest" in the Jefferson County Chancery Court. As is suggested by the title of that pleading, plaintiff alleges a state law claim for conversion but does not raise any claims under federal law.

II.

*Applicable Legal Standards*

Motions for judgment on the pleadings are authorized by Rule 12(c) of the Federal Rules of Civil Procedure. Courts analyze Rule 12(c) motions by employing the same standard applied to those filed under Rule 12(b)(6). *See Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005) ("*PONI*") (citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001)). The court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual

2

allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Hog Market*, 249 F.3d at 512. The court need not, however, accept legal conclusions presented in the complaint, nor should it make unwarranted factual inferences. *See PONI*, 399 F.3d at 697 (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

Further, "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing and quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). "A pleading that offers labels and conclusions . . . will not do." *Id.* (quotation and citation omitted).

III.

*Analysis*

A. Preemption

As noted, plaintiff's complaint contains a single count: state law conversion. By its motion for judgment on the pleadings, defendant argues that this state law claim is preempted by the Food Security Act of 1985, 7 U.S.C. § 1631 ("FSA"). Defendant is correct.

3

With exceptions not relevant to the issue of preemption, the FSA provides that "*notwithstanding any other provision of Federal, State, or local law*, a buyer who in the ordinary course of business buys a farm product from a seller engaged in farming operations shall take free of a security interest created by the seller, even though the security interest is perfected; and the buyer knows of the existence of such interest." 7 U.S.C. § 1631(d) (emphasis added).[2] Congress enacted the FSA "to protect farm products purchasers from double payment." *Farm Credit Midsouth v. Farm Fresh Catfish*, 371 F.3d 450, 452 (8th Cir. 2004).

> [T]he exposure of purchasers of farm products to double payment inhibits free competition in the market for farm products . . . and this exposure constitutes a burden on and an obstruction to interstate commerce in farm products. The purpose of [the FSA] is to remove such burden on and obstruction to interstate commerce in farm products.

7 U.S.C. § 1631(a)(3)-(4), (b). Tennessee law recognizes that "[a] buyer in ordinary course of business buying farm products from a person engaged in farming operations would take free of a security interest created by the buyer's seller as provided in Section 1324 of the federal Food Security Act of 1985, 7 U.S.C. § 1631." Tenn. Code § 47-9-320(a).

The complaint in this case alleges that defendant, with knowledge of plaintiff's perfected security interests, purchased and sold the Manleys' crops without paying plaintiff the value of its liens. That is the precise factual circumstance covered by the FSA, "notwithstanding any other provision of Federal, State, or local law . . . ." 7 U.S.C. §

---

[2] It appears that the crop at issue in this case is tobacco. Tobacco is a "farm product" covered by the Food Security Act. *See* 9 C.F.R. § 205.206(a).

1631(d). Plaintiff's state law conversion claim is therefore preempted by the FSA. *See United States of America v. Winter Livestock Comm'n*, 924 F.2d 986, 993 n. 8 (10th Cir. 1991) (noting preemptive effect of FSA on conversion claims); *Farm Credit Servs. of Mid Am. v. Rudy, Inc.*, No. C-3-93-271, 1995 WL 1622801, at *6 (S.D. Ohio, Mar. 8, 1995) (The FSA "is intended to preempt state law . . . to the extent necessary to achieve the goals of the legislation.") (citation omitted); *Tallahatchie County Bank v. Marlow (In re Julien Co.)*, No. 90-20283-B, 1992 WL 65723, at *3 (Bankr. W.D. Tenn. Apr. 3, 1992) (noting the preemptive effect of the FSA over matters addressed therein); *First Nat'l Bank & Trust v. Miami County Coop. Ass'n*, 897 P.2d 144, 151 (Kan. 1995) (The FSA "preempts the Kansas Uniform Commercial Code provisions and any other federal, state, or local law governing security interests in agricultural products and production of agricultural products."); *State Bank of Cherry v. CGB Enters.*, 964 N.E.2d 604, 608 (Ill. App. Ct. 2012) ("Section 1631(d) is a clear expression of an intent to preempt state law.").

Because plaintiff's single-count state law complaint is preempted by federal law, the complaint must be dismissed. *See, e.g., Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (ERISA); *Monroe Retail, Inc. v. RBS Citizens, N.A.*, 589 F.3d 274, 277-78, 281 (6th Cir. 2009) (National Banking Act); *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994 (6th Cir. 1994) (Federal Communications Act). Defendant's motion for judgment on the pleadings will accordingly be granted.

B. Amendment of Complaint

Plaintiff has not file a motion to amend its complaint. Nonetheless, the court will address the last full paragraph of plaintiff's response brief, which reads in material part,

> In the event the Court considers the Complaint as currently stated to be insufficient to survive the motion for judgment on the pleadings, New London requests leave to amend the Complaint . . . , especially to attach the relevant notices and further evidence of their receipt by BSC. . . . It is New London's position that the Complaint states a cause of action upon which relief can be granted; however, it would ask for leave to amend the Complaint in the event the Court considers it insufficient for any reason.

[Doc. 10, p. 11].

Plaintiff has not properly moved to amend its complaint by filing an actual motion. It is unacceptable for a litigant to bury a motion inside a brief. A motion must be filed as a separate, freestanding document. For that reason alone, the court will deny leave to amend.

The court acknowledges that it "should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). Despite this lenient standard, leave to amend should not be granted in instances where the proposed amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005).

The amendment suggested in plaintiff's response brief would be futile. Plaintiff suggests only that it might produce an amended complaint containing more facts and

6

exhibits. No mention is made of amending the complaint to add a claim under the preemptive FSA.[3] Plaintiff's suggested amendment would be futile, as a fleshed-out conversion claim would still be preempted by the FSA.

## C. Remaining Issues Moot

In addition to the issues discussed herein, the parties dispute the necessary contents of a notice under the FSA's direct notice exception and whether the FSA requires strict, or merely substantial, compliance with the requirements of its direct notice exception. The court's rulings in the two preceding sections of this opinion render all of the parties' remaining disputes moot.

---

[3] More disturbing is plaintiff's statement that "it would ask for leave to amend the Complaint in the event the Court considers it insufficient for any reason." Plaintiff is openendedly requesting legal advice, and this court does not give legal advice to its litigants. Plaintiff is not "entitled to an advisory opinion from the Court pointing out the deficiencies in the complaint and allowing [it] a free opportunity to cure them." *Azzolini v. Corts Trust II for Provident Fin. Trust I (In re UnumProvident Corp. Sec. Litig.)*, 396 F. Supp. 2d 858, 900 (E.D. Tenn. 2005). Moreover, this court "will not approve of any [motion to amend] whose sole purpose is to avoid or circumvent" a ruling on a motion to dismiss. *Id.* at 901 n.19.

IV.

*Conclusion*

For the reasons provided herein, defendant's motion for judgment on the pleadings will be granted. This civil action will be dismissed. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan<br>United States District Judge